IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HIPOLITO M. CHACOAN,

      Plaintiff,                            No. CIV S-05-2276 FCD GGH P

    vs.

DR. ROHRER, et al.,

      Defendants.           <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to compel filed March 13, 2007.  To put plaintiff's motion in context, the court will set forth the following background information.

        Plaintiff alleges that while housed at California State Prison-Solano (CSP-Solano), he suffered from a reoccurring ear infection beginning in August 2000.  In 2003 plaintiff suffered a total loss of hearing in his left ear.  Plaintiff alleges that defendants provided inadequate medical care for his ear infection in violation of the Eighth Amendment.

        In the motion to compel, plaintiff alleges that defendants provided inadequate responses to his request for production of documents.  Request no. 1 sought "[a]ny and all medical/psychiatric records in the possession of defendants...or their agents, that relate to the

1

medical treatment of plaintiff since August 2000." Without waiving objections, defendants stated that they would provide plaintiff with an uncertified copy of his California Department of Corrections and Rehabilitation (CDCR) medical records after plaintiff provided written authorization. Defendants provided plaintiff with a copy of an authorization form to sign and return to defense counsel. In the opposition to the motion to compel, defendants state that plaintiff did not return the form. In the motion to compel, plaintiff does not state why he did not return the form.

Plaintiff will receive the documents he is requesting if he signs and returns the authorization form to defense counsel. For this reason, the motion to compel is denied as to this request.

Request no. 2 sought any and all policies and procedures concerning the Medical Service Care at Solano State Prison during the years 2000 through 2006. Defendants objected that the request was overbroad, vague, ambiguous, burdensome and oppressive. Defendants also claimed not to have these documents in their possession.

Request no. 2 is overbroad because not every policy or procedure concerning medical care at CSP-Solano from 2000-2006 is relevant to this action. For this reason, the motion to compel is denied as to this request.

Request no. 3 sought any and all health care records maintained by Solano State Prison on plaintiff during the period he has been incarcerated there. Without waiving objections, defendants stated that they would provide plaintiff with an uncertified copy of his CDC medical records after plaintiff provided written authorization from plaintiff. Plaintiff will receive the documents he is requesting if he signs and returns the authorization form to defense counsel. For this reason, the motion to compel is denied as to this request.

Request no. 4 sought all letters, administrative appeals, grievances or complaints filed against defendants Rohrer, Naku, Solomon, Rallos, Thor and Hall within the past six years. Defendants objected that the request was overbroad, vague and ambiguous. Defendants also

objected that the information sought was confidential and not in their possession.

Request no. 4 is overbroad because not every letter, administrative appeal, grievance or complaint filed against defendants during the past six years is relevant to this action. For this reason, the motion to compel as to this request is denied.

Request no. 5 sought all lawsuits for deliberate indifference of medical care, malpractice or other related matters filed against defendant Rohrer, Naku, Solomon, Rallos, Thor and Hall in the past. Defendants objected that the request was overbroad, vague and ambiguous. Defendants also objected that the information sought was confidential and not in their possession.

Request no. 5 is overbroad because not every lawsuit filed against defendants in the past alleging inadequate medical care is relevant to this action. For this reason, the motion to compel as to this request is denied.

Request no. 6 sought any and all actions that defendants Rorher, Naku, Solomon, Rallos, Thor and Hall had knowledge or information regarding, which were reviewed or considered by the State Medical Board regarding their practice. Defendants objected that the request was overbroad, vague and ambiguous. Defendants also objected that the information sought was confidential and not in their possession.

Request no. 6 is overbroad because not every action filed with the State Medical Board regarding defendants is relevant to this action. For this reason, the motion to compel as to this request is denied.

Request no. 7 sought a copy of any of plaintiff's medical records regarding the treatment of his reoccurring ear infection at Solano State Prison since August 2000. Without waiving objections, defendants stated that they would provide plaintiff with an uncertified copy of his CDCR medical records after plaintiff provided written authorization from plaintiff. Plaintiff will receive the documents he is requesting if he signs and returns the authorization form to defense counsel. For this reason, the motion to compel is denied as to this request.

1  Request no. 8 sought all policies and procedures that establish the duties of
2 defendants Rohrer, Naku, Solomon, Rallos, Thor and Hall while they were employed at Solano
3 State Prison. Defendants objected that the request was argumentative, vague and ambiguous as it
4 was not clear what plaintiff meant by "policies and procedures that establish the duties" of
5 defendants. Defendants also objected that the request was overbroad, sought confidential
6 information and the information sought was not in their possession.
7  The court agrees that request no. 8 is ambiguous and overbroad. It is not clear
8 whether plaintiff is seeking, for example, CDCR policies or policies exclusive to CSP-Solano.
9 Moreover, not every document discussing defendants' duties is relevant to this action. For these
10 reasons, the motion to compel as to this request is denied.
11  Request no. 9 sought all medical notes, information, data, files or records in the
12 possession of defendants Rohrer, Naku, Solomon, Rallos, Thor and Hall related to plaintiff.
13 Defendants objected that the request was vague, ambiguous and overbroad. Defendants also
14 objected that to the extent the request sought correspondences between defendants and counsel,
15 the information was protected by the attorney-client privilege and work product rule.
16 Defendants' objections have merit. For example, notes regarding defendants' treatment of
17 plaintiff regarding ailments unrelated to his ear infection are not relevant. Accordingly, the
18 motion to compel as to this request is denied.
19  Request no. 10 sought any and all records, files, documents or papers related to
20 administrative appeals filed by plaintiff against defendants Rohrer, Naku, Solomon, Rallos, Thor
21 and Hall. Defendants objected that the request was vague, ambiguous and overbroad. The
22 request is overbroad as administrative appeals filed by plaintiff against defendants regarding
23 matters other than his ear infection are not relevant to this action. Accordingly, the motion to
24 compel as to this request is denied.
25  Request no. 11 sought all records, documents, files or data of any individual
26 related to the medical treatment of plaintiff for ear infections while housed at Solano State

1  Prison, any medical treatment plaintiff did nor did not receive regarding his ear infection and any
2  information regarding the medical treatment administered to plaintiff by defendants.
3        Defendants objected that the request was vague, ambiguous and overbroad.
4  Defendants also objected that the response calls for speculation as to what individuals have the
5  knowledge or possess the information described by this request.  Assuming plaintiff was
6  requesting copies of documents in control of third parties, defendants objected that they could not
7  comply with the request.
8        The court agrees that this request is vague and ambiguous.  In any event, it
9  appears that this request will be satisfied by plaintiff's receipt of his medical records after he
10 submits the authorization form to defense counsel.   Accordingly, the motion to compel as to this
11 request is denied.
12       Request no. 12 sought all records, files, documents or papers from specialists who
13 examined plaintiff since 2000.  Defendants objected that the request was vague, ambiguous and
14 overbroad.  Assuming plaintiff was requesting copies of documents in control of third parties,
15 defendants objected that they could not comply with the request.
16       The court agrees that this request is vague and overbroad.  Records of
17 examinations by specialists for ailments other than plaintiff's ear infections would not be
18 relevant to this action.  As worded, this request could be seeking medical records possessed by
19 persons other than defendants.  For these reasons, the motion to compel as to this request is
20 denied.
21       For the reasons discussed above, plaintiff's motion to compel is denied.
22       On May 4, 2007, defendants filed a motion to compel.  Plaintiff did not file an
23 opposition.  Accordingly, on June 28, 2007, the court ordered plaintiff to show cause for his
24 failure to file an opposition. On July 12, 2007, plaintiff filed a response to the show cause order.
25       The court observes that on June 27, 2007, defendants filed a summary judgment
26 motion.  Based on this filing, it does not appear that defendants require further responses by

5

plaintiff to discovery requests in order to litigate this motion.  Accordingly, the court will vacate defendants' motion to compel.  Defendants may re-notice their motion following resolution of the summary judgment motion, if appropriate.

The court will grant plaintiff an opportunity to send defense counsel the completed authorization form so that he may obtain his medical records.  The court will order plaintiff's opposition to defendants' summary judgment motion due following his receipt of these records.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel filed March 13, 2007, is denied;

2. Defendants' motion to compel filed May 4, 2007, is vacated;

3. Plaintiff is granted twenty days from the date of this order to serve defense counsel with the form authorizing defendants to provide him with his medical records; defendants shall provide plaintiff with these records within ten days of the date of the receipt of the form;

4. Plaintiff's opposition to defendants' summary judgment motion is due within sixty days of the date of this order.

DATED: 7/24/07                                              /s/ Gregory G. Hollows

                                                                    UNITED STATES MAGISTRATE JUDGE

chac2276.ord