UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


HIPOLITO M. CHACOAN,                    No. 2:05-cv-02276-MCE-KJN

            Plaintiff,

      v.                                MEMORANDUM AND ORDER

DR. ROHRER, et al.,

            Defendants.

                        ----oo0oo----


      This case proceeded to a jury trial on January 30, 2012. On
February 3, 2012, the jury reached a verdict in favor of
Defendants Dr. Traquina and Dr. Naku.  Plaintiff now moves for a
new trial pursuant to Federal Rule[1] of Civil Procedure 59.

///

///

///

///

///

_____

[1] All future references to "rule" or "rules" are to the
Federal Rules of Civil Procedure.

1

**STANDARD**

2

3       Under Rule 59(a), the court may grant a new trial "for any

4   reason for which a new trial has heretofore been granted in an

5   action at law in federal court."  Fed. R. Civ. P. 59(a).  For

6   example, the Court may grant a new trial if "the verdict is

7   contrary to the clear weight of the evidence, or is based upon

8   evidence which is false, or to prevent, in the sound discretion

9   of the court, a miscarriage of justice."  Silver Sage Partners,

10  Ltd. v. City of Desert Hot Springs, 251 F.3d 814, 818-819

11  (9th Cir. 2001) (citation omitted).

12

13

**ANALYSIS**

14

15      Plaintiff asserts two general arguments in support of the

16  motion for a new trial.  First, Plaintiff argues that the jury's

17  verdict in favor of both Dr. Naku and Dr. Traquina was contrary

18  to the clear weight of the evidence.  Second, Plaintiff maintains

19  that the court's decision to not instruct the jury on Plaintiff's

20  proffered special instructions constituted legal error.[2]

21  ///

22  ///

23  ///

24  ──────────────

25      [2] Plaintiff also argued that the court should grant a new
    trial as to Defendant Naku because of his repeated acts of
26  misconduct while testifying at trial.  The court finds this
    argument unavailing.  Specifically, nothing about Dr. Naku's
27  initial refusal to directly answer questions during examination
    could have possibly prejudiced Plaintiff.  Indeed, contrary to
28  Plaintiff's contention, if anything, Dr. Naku's conduct on the
    witness stand would have prejudiced himself, not Plaintiff.

2

**A.   Clear Weight of the Evidence**


Plaintiff's argument as to Dr. Traquina rests on his contention that Dr. Traquina, the chief medical officer at the prison where Plaintiff was incarcerated, knew that patients were "falling through the cracks," yet did nothing to alleviate the problem.  Plaintiff maintains that this fatal error in the medical operation Dr. Traquina oversaw resulted in Plaintiff's injury.  Thus, Plaintiff argues, the jury's finding that Defendant was not deliberately indifferent to Plaintiff's serious medical need was contrary to the clear weight of the evidence.

Dr. Traquina counters that, even if, as Plaintiff maintains, Dr. Traquina was aware that some inmates with routine problems were "falling through the cracks," that, in and of itself, does not demonstrate the jury's conclusion that Dr. Traquina was not deliberately indifferent to Chacoan's serious medical needs was clearly contradicted by the weight of the evidence presented at trial.  Dr. Traquina testified that he was under serious budgetary restraints that required a concentration on high risk patients.  Moreover, for "routine patients whose care was delayed, [Dr. Traquina] relied on their complaints, either written or oral; letters or telephone calls from their families; or formal inmate grievances, also known as 602 appeals." (Dr. Traquina's Opp'n, filed March 5, 2012, [ECF No. 205] at 3:7-10.)  Dr. Traquina also points out that when he received such notice, he personally reviewed the inmates case to rectify existing problems.

///

1    Thus, Dr. Traquina avers the jury's finding — that Dr. Traquina
2    was not deliberately indifferent to Plaintiff's serious medical
3    needs — did not conflict with the clear weight of the evidence.

4        With regard to Defendant Dr. Naku, Plaintiff argues that the
5    jury's conclusion that Dr. Naku was not deliberately indifferent
6    to Plaintiff's medical needs was contrary to the clear weight of
7    the evidence because he testified that, despite being aware of
8    Plaintiff's ear condition, he took no steps to ensure that
9    Plaintiff received the surgery he needed.  Naku counters that the
10   jury did not erroneously find that he was not deliberately
11   indifferent to Plaintiff's ear condition because Dr. Naku is not
12   an ear, nose and throat specialist.  Naku also notes that the
13   evidence showed that he consistently provided Plaintiff with
14   antibiotics which, according to Dr. Lustig, Plaintiff's surgeon
15   at the University of California Medical Center, San Francisco, is
16   an appropriate manner to treat infections associated with
17   Plaintiff's ear condition.

18       The court must apply a stringent standard to Plaintiff's
19   argument that the verdict reached cannot be reconciled with the
20   weight of the evidence.  Digidyne Corp. v. Data General Corp.,
21   734 F.2d 1336, 1347 (9th Cir. 1984).  A motion for new trial may
22   be granted on this ground only if the verdict is against the
23   "great weight" of the evidence or if "it is quite clear that the
24   jury has reached a seriously erroneous result."  Id., see also
25   Venegas v. Wagner, 831 F.2d 1514, 1519 (9th Cir. 1987).
26   ///
27   ///
28   ///

4

1    It would amount to an abuse of discretion on the part of the
2    court to grant a new trial on any lesser showing, and the court
3    cannot extend relief simply because it would have arrived at a
4    different verdict.  <u>Silver Sage Partner, LTD v. City of Desert</u>
5    <u>Hot Springs</u>, 251 F.3d 814, 818-19 (9th Cir. 2001).

6         The Court finds that Plaintiff has not presented a
7    compelling argument for granting the extraordinary remedy sought.
8    In the Court's view, there was sufficient evidence from which the
9    jury could have reached its conclusion that neither Dr. Naku nor
10   Dr. Traquina were deliberately indifferent to Plaintiff's serious
11   medical needs.  As to Dr. Traquina, the parties presented
12   conflicting evidence regarding whether Dr. Traquina was
13   deliberately indifferent.  Indeed, the court specifically
14   referenced this conflicting evidence in denying Dr. Traquina's
15   Rule 50 motion for judgment as a matter of law.  It is clear that
16   the jury found credible Dr. Traquina's testimony that, given the
17   circumstances, he took sufficient precautions to ensure that
18   those prisoners with serious medical needs did not slip through
19   the cracks.  Indeed, Dr. Lustig testified that his system was
20   similar to that employed by Dr. Traquina and that some routine
21   scheduling matters still fell through the cracks.  To this end,
22   the Court cannot find that the jury's determination that
23   Dr. Traquina was <u>not</u> deliberately indifferent to Plaintiff's
24   serious medical need was contrary to the overwhelming weight of
25   the evidence.
26   ///
27   ///
28   ///

1    Plaintiff's arguments with regard to Dr. Naku are similarly
2   unavailing.  Specifically, the evidence showed that, even if it
3   was not the ideal course of action, Dr. Naku saw Plaintiff on a
4   number of occasions and administered the treatment he thought
5   appropriate at the time — the same treatment Dr. Lustig
6   testified was appropriate for Plaintiff's ear condition.  This
7   evidence, combined with the fact that Dr. Naku was not an ear,
8   nose and throat specialist, provided the jury with sufficient
9   evidence to find that Dr. Naku was not deliberately indifferent
10  to Plaintiff's serious medical needs.  Consequently Plaintiff's
11  motion for new trial against Dr. Naku on grounds of insufficiency
12  of the evidence must be denied.

13

14       **B.   Plaintiff's Special Jury Instructions**

15

16       Plaintiff's second argument in seeking a new trial rests
17  with his contention that the court committed clear legal error by
18  failing to give special jury instructions 20a and 21a.  Proposed
19  special instruction 20a requested the court to deviate from the
20  Ninth Circuit's Model Jury instructions regarding supervisory
21  liability under 42. U.S.C. § 1983 (Section 1983).  Plaintiff
22  argues that his proffered special instruction regarding
23  supervisory liability should have been given in light of the
24  Ninth Circuit's recent decision in <u>Starr v. Baca</u>, 652 F.3d 1202
25  (9th Cir. 2011).
26  ///
27  ///
28  ///

6

Specifically, Plaintiff maintains that <u>Starr</u> changed the scope of supervisory liability in this Circuit, and thus, the Ninth Circuit's model civil jury instruction 9.3 — the instruction the court ultimately gave — was insufficient to apprise the jury of the current contours of supervisory liability under Section 1983. Plaintiff's proposed special instruction 21a requested the court give a specific instruction regarding what constitutes a serious medical need in accordance with <u>Lolli v. Cnty of Orange</u>, 351 F.3d 410 (9th Cir. 2003).  Plaintiff argues that this instructions should have been given to avoid jury confusion.

Defendant contends that failure to give proposed instruction 20a was not in error because <u>Starr</u> did not alter the law upon which the standard jury instruction used by the court was based. Defendant further maintains that Plaintiff has offered no evidence to show that failure to give Plaintiff's proposed jury instruction 21a misled the jury in any regard.  Further, Defendants argue that, by following the Ninth Circuit's Model Instruction 9.25 regarding deliberate indifference to serious medical need, the court did not abuse its discretion.

A new trial may be required when the court offers incorrect jury instructions that "infect[] the deliberative process of the jury with regard to its evaluation of the" claims presented. Bateman v. Mnemonics, Inc., 79 F.3d 1532, 1549 (11th Cir. 1996). The district "court's formulation of the jury instructions" is within the discretion of the court.  <u>Masson v. New Yorker Magazing, Inc.</u>, 85 F.3d 1394, 1397 (9th Cir. 1996).

///

///

1   A challenge to the district court's composition of the jury

2   instructions cannot be successfully challenged unless "the

3   instructions, considered as a whole, were inadequate or

4   misleading."   Id.

5         The court finds unavailing Plaintiff's contention that the

6   court clearly committed legal error by omitting Plaintiff's

7   proposed special jury instructions and instead relying on the

8   Ninth Circuit's Model Civil Jury Instructions for Plaintiff's

9   Section 1983 claims.   First, contrary to Plaintiff's contention,

10  Starr did not create a new legal standard regarding supervisory

11  liability under § 1983; it merely held that the United States

12  Supreme Court's ruling in Ashcroft v. Iqbal, 556 U.S. 662 (2009)

13  did not eliminate supervisory liability from the scope of Section

14  1983.   Id. at 2258.   After concluding that it did not, the court

15  reaffirmed the long-standing 9th Circuit standards governing

16  supervisory liability under Section 1983.   Id. at 2262-2263.   To

17  this end, the court did not err in utilizing Ninth Circuit Model

18  Jury Instruction 9.3.

19        Second, Plaintiff's contention that the court's failure to

20  give Plaintiff's requested jury instruction defining serious

21  medical need necessitates a new trial is similarly unpersuasive.

22  Indeed, Plaintiff's contention is belied by his own previous

23  filings — Plaintiff, in his trial brief, expressly stated that

24  it was undisputed that Mr. Chacoan has a serious medical need.[3]

25  ///

26

27        [3] Indeed, "Defendants [did] not dispute that [P]laintiff has
    a serious medical need. . . . Rather, they dispute[d] whether
28  they acted with deliberate indifference."   (Findings &
    Recommendation, filed May 14, 2009, [ECF No. 91] at 11:24-26.)

                                    8

(Pl.'s Trial Brief, filed Nov. 17, 2011, [ECF No 140] at 9:19.)
If there was no dispute as to whether Plaintiff had a serious
medical need, the Court cannot surmise how lack of an instruction
as to what constitutes a serious medical need detrimentally
misled or confused the jury.  Thus, the Court finds that it did
not commit error in denying Plaintiff's request to include
Plaintiff's proffered special instruction 21a.

Plaintiff has simply failed to show that the court's
employment of the Ninth Circuit's Model Jury Instructions
constituted such clear error to merit the extraordinary remedy of
a new trial.  Thus, Plaintiff's motion for a new trial on the
basis of denying Plaintiff's requested special jury instructions
is denied.

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion for a
new trial is DENIED.

IT IS SO ORDERED.

Dated: March 27, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE