UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIPOLITO M. CHACOAN, | No. 2:05-cv-02276-MCE-KJN |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| DR. ROHRER, et al., | |
| Defendants. | |

----oo0oo----

This case proceeded to a jury trial on January 30, 2012. On February 3, 2012, the jury reached a verdict in favor of Defendants Dr. Traquina and Dr. Naku. On March 27, 2012, the court denied Plaintiff's motion for a new trial. Plaintiff filed a notice of appeal on April 11, 2012.

Plaintiff subsequently requested production of his jury trial transcripts at government expense for use in his appeal to the Ninth Circuit (ECF No. 213).

///
///

Production of transcripts at government expense for an appellant permitted to proceed in forma pauperis in a civil case is proper if a judge certifies that the appeal is not frivolous and presents a substantial question. 28 U.S.C. § 753(f). A request for a transcripts at government expense should not be granted unless the appeal presents a substantial question. <u>Henderson v. United States</u>, 734 F.2d 483, 484 (9th Cir. 1984).

While plaintiff is permitted to proceed in forma pauperis, his appeal does not present a substantial question. Plaintiff appeals on two grounds: (1) the court should have given Plaintiff's requested jury instruction regarding the elements of supervisory liability under 42 U.S.C. § 1983 ("Section 1983") because of the Ninth Circuit's recent decision in <u>Starr v. Baca</u>, 652 F.3d 1202 (9th Cir. 2011); and (2) the court should have given Plaintiff's requested instruction regarding what constitutes a serious medical need for purpose of Section 1983 liability. As the court explained in detail in its order on Plaintiff's motion for a new trial, the decision in <u>Starr</u> did not change the contours of supervisory liability under Section 1983; it merely held that the United States Supreme Court's ruling in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) did not eliminate supervisory liability from the scope of Section 1983. Moreover, the court's decision to not give Plaintiff's requested instruction regarding what constitutes a serious medical need is of no moment because Defendants did not dispute that Plaintiff suffered from a serious medical need. Plaintiff's appeal therefore does not present a substantial question.

Accordingly, Plaintiff's request for transcripts to be provided at government expense is now DENIED. The Clerk of the Court is directed to serve a copy of this Order on the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:  May 31, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE